## CUNNINGHAM & STRINGFELLOW v. FRANK E. BUCKINGHAM.

### Decided March 28, 1908.

**Deed—Interest Conveyed—Unrecorded Deed.**

Under a deed to a tract of land, constituting an addition to a town, in and by which the grantors convey "all the remaining interest that we now have in and to the property" described, and in which it is recited "that this deed only conveys the lots and blocks in said addition to which the title is in us," the grantee takes no title to lots or blocks previously sold, even though the grantee had no notice, actual or constructive, of such sales. *A fortiori,* the grantee takes no title to lots of the sale of which he had notice at the time his deed was executed.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*J. W. Crudgington* and *Theodore Mack,* for appellants.—In support of appellants right to hold the lots in controversy, cited: Garner v. Boyle, 97 Texas, 460; Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 460; Garret v. Christopher, 74 Texas, 454.

*Hall & Fredericks,* for appellee.—Cited: Harrold v. Sumner, 78 Texas, 581; Jemmison v. Scottish Am. Co., 19 Texas Civ. App., 232; Galbraith v. Engleke, 1 S. W., 346; Hitchler v. Scanlan, 15 Texas Civ. App., 40; Brown v. Jackson, 3 Wheaton (U. S.), 449, 4 Law, ed. 432; Fitzgerald v. Libby (Mass.), 7 N. E., 917; Finch v. Trent, 3 Texas Civ. App., 568; Woody v. Strong, 45 Texas Civ. App., 256; Hunter v. Eastham, 95 Texas, 648; Richardson v. Levi, 67 Texas, 359; Threadgill v. Bickerstaff, 87 Texas, 520; Culmell v. Borroum, 13 Texas Civ. App., 458; Waggoner v. Dodson, 96 Texas, 415; Maxwell Land Co. v. Dawson, 151 U. S., 586, 38 Law. ed. 279; Corrinne Mill, etc., Co. v. Johnson, 156 U. S., 574, 39 Law. ed., 537; Heidenheimer v. Cleveland, 17 S. W., 524; Linney v. Wood, 66 Texas, 22; 17 Am. & Eng. Ency. of Law, page 23; Tram Lumber Co. v. Hancock, 70 Texas, 312; Pierce v. Jackson, 61 Texas, 642; John v. Battle, 58 Texas, 596; Littleton v. Giddings, 47 Texas, 118; Broxton v. McDougall, 70 Texas, 64.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered lots 14 and 15 in block 422 of the Mirror Addition to the town of Amarillo, and from this judgment, which was rendered by the court without a jury, this appeal is prosecuted.

Both parties deraigned title from J. B. Buchanan and H. C. Walker, who became the joint owners on December 13, 1889, of block 422 of the Mirror Addition to the town of Amarillo, which had been originally conveyed November 26, 1889, by H. B. Sanborn to J. B. Buchanan. On May 2, 1890, Buchanan and Walker conveyed the two lots in controversy to J. M. Isenhower, from whom appellee deraigned title, but this deed was not recorded until December 11, 1906. On May 13, 1902, H. C. Walker and T. J. Powell (J. B. Buchanan having previously conveyed his interest in the Mirror Addition to Powell) made a deed to appellants under which they sought to hold the lots in controversy as innocent purchasers, which, after reciting as the consideration "$860 paid and the assumption of all taxes due on said property, including the year 1902," described the property conveyed as follows "All that certain lot, tract or parcel of land situated in the county of Potter and more particularly described as being all the remaining interest that we now have in and to the property conveyed to J. B. Buchanan by H. B. Sanborn on the 26th day of November, 1889, by deed duly recorded in vol. 5, pages 524 and 525 of the deed records of Potter County, Texas, to which reference is here made for a more particular description of the property herein conveyed, the same being what is known as the Mirror Addition to the town of Amarillo, Texas. It is understood that this deed only conveys the lots and blocks in said addition to which the title is in us." At the date of this conveyance appellants had no notice of the unrecorded deed under which appellee deraigned title and paid full value for the property conveyed or claimed under the deed to them. This deed was at once recorded and at a later date, before the deed under which appellee deraigned title had been recorded but after they had notice of its existence, appellants obtained a deed from Buchanan and Walker, dated the 15th day of September, 1905, which purported to convey "all their right, title and interest in and to the Mirror Addition to the town of Amarillo, describing same by lots and blocks, including block 422." This conveyance recited the previous conveyance of May 13, 1902, as having been made by Buchanan and Walker and stated that it was its purpose to give a more definite and perfect description of the property "sold" in said deed.

*Conclusions.*—We are of opinion that the deed from Walker and Powell to the appellants quoted above did not purport to convey the lots in controversy, which had been previously conveyed to Isenhower, since it only attempted to convey "the remaining interest" in the Mirror Addition, thereby clearly implying that a portion of this addition had already been conveyed. And in order to render more certain the fact that the grantors did not intend to convey any lots out of this addition which they had previously conveyed the deed concluded with this language: "It is understood that this deed only conveys the lots and blocks in said addition to which the title is in us." Jemison v. The Scottish American Mfg. Co. Ltd., 19 Texas Civ. App., 232, decided by this court, in which writ of error was refused.

The subsequent deed to the appellants made after they had actual

knowledge of the deed under which the appellee deraigned title added nothing to their alleged title as innocent purchasers. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.